**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ERIC E. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-CV-483-NAB |
| | ) |
| ST. LOUIS COUNTY JUSTICE CENTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Eric E. Walker, an incarcerated person at the St. Louis County Justice Center, to proceed in the district court without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion, and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss without prejudice defendant St. Louis County Justice Center and allow plaintiff to file an amended complaint.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified copy of his inmate account statement for the six months preceding the filing of his complaint, but based upon the information included in plaintiff's application, the Court will assess an initial partial filing fee of $1.00. This amount is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-

pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 against the St. Louis County Justice Center in its official capacity. Plaintiff states that on December 15, 2020, he was attacked "by an already proven aggressive inmate." He states that while he was approaching his case manager about his criminal trial date, he was struck and collapsed to the floor. The inmate "began to stomp [plaintiff's] head," and plaintiff tried to fend him off. Plaintiff states he sustained head injuries that were not treated because they "didn't appear to be sufficient enough to address." Plaintiff states he suffered several small lacerations and bruises on his head and face, which have made his balance and vision "slightly worse."

Although his complaint is unclear, plaintiff seems to allege that at some point prior to this attack, he had asked to be placed in protective custody. Because of the COVID-19 pandemic, however, the protective custody units were being used to house "the infected and the aggressive."

Plaintiff states the only option for him, a non-violent offender, was to live "amongst the aggressive malicious and temperamental inmates." Plaintiff states that his original classification was to the fifth floor, where most inmates are considered "the more passive inmates." When the COVID-19 pandemic hit, however, plaintiff states that the inmates from the fifth floor were moved to the much more aggressive sixth floor. He states "living among the inmates that have a short fuse is difficult and my adjustments weren't enough to thwart off all attacks. I had asked after the attack and was moved to protective custody reluctantly."

Plaintiff attaches to his complaint an inmate grievance he filed on September 28, 2020, approximately six weeks prior to his assault. (ECF No. 1-3). In his grievance, plaintiff states that "[s]ince Corrections Officer ("CO") Edwards was assigned to 6-C, the atmosphere has grown increasingly unsafe." Plaintiff states that Edwards was overly-friendly with several inmates, allowed inmates to go into each other's cells to "conduct business," engaged in "slang talk" and used "gang terms," disclosed inmate's criminal charge and arrest information, and engaged in favoritism. Plaintiff states CO Edwards had an "inability to operate a safe pod." He closed his grievance by stating: "Something must be done! Before someone gets injured severely as a result."

For relief, plaintiff seeks an unspecified amount of damages plus $20,000 for "fees for litigation."

## Discussion

Plaintiff's complaint is subject to dismissal on initial review pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's claims against the St. Louis County Justice Center must be dismissed. The St. Louis County Justice Center is a county jail, and "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Ketchum v. City*

*of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). For this reason, plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). The Court will mail to plaintiff a form Prisoner Civil Rights Complaint. In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each statement must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should include only claims that arise out of the same

transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

## Motion to Appoint Counsel

Plaintiff has also filed a motion for appointment of counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this order, plaintiff shall submit an amended complaint in accordance with the instructions set forth in this order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**.  [ECF No. 3]

**Plaintiff's failure to timely comply with this order may result in the dismissal of this action, without prejudice and without further notice.**

                                                 NANNETTE A. BAKER
                                                 UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2021.